UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JENNIFER A. HADSALL, Regional Director of Region 18 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>Petitioner<br><br>v.<br><br>ADT, LLC,<br><br>Respondent | Civil No.   3:21-cv-9 |

**PETITION FOR INJUNCTION UNDER SECTION 10(j)**
**OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED**

Jennifer A. Hadsall, Regional Director for Region 18 of the National Labor Relations Board (the Board), petitions this Court on behalf of the Board for injunctive relief pursuant to Section 10(j) of the National Labor Relations Act (the Act), pending the final disposition of the Board's administrative complaint against ADT, LLC (Respondent). 29 U.S.C. § 160(j). The complaint charges that Respondent violated and continues to violate Section 8(a)(5) of the Act, which prohibits employers from engaging in the following unfair labor practices: failing and refusing to bargain collectively and in good faith with the exclusive-collective bargaining representative of its employees. 29 U.S.C. § 158(a)(1) and (5).

In support of this Petition for Injunction (Petition) under the Act, Petitioner respectfully shows as follows:

1

**Jurisdiction**

1. Petitioner is the Regional Director of Region 18 of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2. Jurisdiction of this proceeding is conferred upon this Court by Section 10(j) of the Act. 29 U.S.C. § 160(j). Section 10(j) grants the Board the power, upon issuance of the complaint described below in paragraph 5, to petition any United States District Court, within any district wherein the unfair labor practices in question are alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. *Id.* Upon the filing of any such petition, Section 10(j) directs the Court to cause notice to be served upon such person, and thereupon confers jurisdiction upon the Court to grant to the Board such temporary relief or restraining order where it deems such relief just and proper. *Id.*

3. At all material times, Respondent has been a corporation with an office and place of business in Janesville, Wisconsin (Respondent's facility), and has been engaged in the business of installation and service of residential and commercial security systems within this judicial district.

**Underlying Charges, Complaints, and Administrative Proceedings to Date**

4. The International Brotherhood of Electrical Workers, Local Union No. 364, AFL-CIO, (the Union), pursuant to the provisions of the Act, filed the following charges with the Board alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of the below-specified sections of the Act. Copies of the charges are attached as exhibits to this Petition as identified in the below table.

| Case Number | Date Filed | Section of the Act | Exhibit No. |
|---|---|---|---|
| 18-CA-264654 | August 14, 2020 | 8(a)(1) and (5)<br><br>(29 U.S.C. § 158(a)(1) and (5)) | 1 |
| 18-CA-266951 | October 1, 2020 | 8(a)(1) and (5)<br><br>(29 U.S.C. § 158(a)(1) and (5)) | 2 |

5. On October 23, 2020, following a field investigation during which all parties had an opportunity to submit evidence, Petitioner, acting on behalf of the General Counsel for the Board pursuant to authority delegated to Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing pursuant to Section 10(b) of the Act in Cases 18-CA-264654 and 18-CA-266951 alleging that Respondent engaged in, and is engaging in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. 29 U.S.C. §§ 160(b) and 158(a)(1), (5) and scheduling the hearing to commence on December 9, 2020. A copy of the Order Consolidating Cases, Consolidated Complaint and Notice of Hearing is attached as Exhibit 3.

6. On October 30, 2020, pursuant to Respondent's request, Petitioner issued an Order Rescheduling Hearing, rescheduling the hearing to commence on December 16, 2020. A copy of this Order is attached as Exhibit 4.

7. On December 15, 2020, pursuant to Respondent's emergency motion and with the consent of all parties, Petitioner issued a second Order Rescheduling Hearing, setting the date for hearing as January 20, 2021. A copy of this Order is attached as Exhibit 5.

8. The hearing in this matter is scheduled to open on January 20, 2021, in front of Administrative Law Judge Michael A. Rosas. At the conclusion of the hearing, the

Administrative Law Judge will issue a decision and recommended order. The order will be appealable to the Board and will have no force or effect absent further action by the Board.

### **Allegations to be Litigated in the Underlying Administrative Proceeding for which Injunctive Relief is Being Sought**

9. In the underlying administrative proceeding in Cases 18-CA-264654 and 18-CA-266951, Petitioner will show a likelihood of success of establishing the following:

*Respondent is an Employer Under the Act*

(a) As noted above in paragraph 3, at all material times, Respondent has been a corporation with an office and place of business in Janesville, Wisconsin, and has been engaged in the business of installation and service of residential and commercial security systems.

(b) Annually, Respondent, in conducting its business operations described above in paragraph 9(a), derived gross revenues in excess of $500,000 from the sale and service of retail alarm systems.

(c) During the same period described above in subparagraph 9(b), Respondent, in conducting its operations described above in subparagraph 9(a), purchased and received at its Janesville, Wisconsin, facility goods valued in excess of $5,000 directly from points outside the State of Wisconsin.

(d) At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act. 29 U.S.C § 152(2), (6), (7).

*The Union is a Labor Organization Under the Act*

(e) At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act. 29 U.S.C. § 152(5).

4

*Respondent's Supervisors*

(f) The individuals listed below are supervisors of Respondent within the meaning of Section 2(11) of the Act and held the positions listed next to their names at all material times. 29 U.S.C. § 152(11).

| Name | Job Title |
| --- | --- |
| James Nixdorf | Director of Labor Relations |
| Matt Ides | Team Manager High Volume Install |
| Shawn Bell | General Manager – Sales |
| Gary Talma | General Operations Manager |

*Unit Description, Union Certification, and Union Section 9(a) Status*

(g) The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act. 29 U.S.C. § 159(b):

> All full-time and regular part-time installers, technicians and service personnel employed by Employer at its Janesville, Wisconsin, facility, who are regularly assigned to work in the service territory of Respondent's former Rockford, Illinois, facility; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act, and all other employees.

(h) At all material times since about October 21, 1994, Respondent has recognized the Union as the exclusive collective-bargaining representative of the Unit. This recognition has been embodied in successive collective-bargaining agreements, the most recent of which was effective from September 1, 2017, to August 31, 2020 (the Agreement).

(i) At all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit. 29 U.S.C. § 159(a).

5

*Respondent Transferred the Bargaining Unit to a New Facility then Unlawfully Withdrew Recognition from the Union*

(j)  About August 2019, Respondent closed its Rockford, Illinois, facility and transferred the Unit to Respondent's newly created facility in Janesville, Wisconsin.

(k)  About August 2019, Respondent closed its Madison, Wisconsin, facility and transferred the unrepresented employees from that facility (the Madison employees) to Respondent's newly created facility in Janesville, Wisconsin.

(l)  At all material times since August 2019, Respondent continued to treat the Unit as separate and distinct from the Madison employees in terms of wages, hours, and working conditions.

(m)  On June 22, 2020, Respondent, by its Director of Labor Relations James Nixdorf, in writing, informed the Union that it planned to withdraw recognition of the Union as the exclusive collective-bargaining representative of the Unit after the Agreement expired on August 30, 2020.

(n)  On about September 1, 2020, Respondent withdrew recognition of the Union as the exclusive collective-bargaining representative of the Unit.

*Respondent's Unlawful Unilateral Changes*

(o)  About September 2020, Respondent:

    i.  Changed the wages for the Unit;

    ii.  Changed how overtime is earned for the Unit;

    iii.  Changed the manner in which the Unit accrues and uses paid time off;

    iv.  Made the Unit eligible for its bonus system offered to unrepresented employees; and

        v.        Made additional changes to the terms and conditions of employment of the Unit that are currently unknown to Petitioner.

(p)    The subjects set forth above in paragraphs 9(o)(i)-(v) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(q)    Respondent engaged in the conduct described above in paragraphs 9(o)(i)-(v) without prior notice to the Union and/or without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

### *Sections of the Act Violated*

10.    By the conduct described above in subparagraphs 9(m)-(q), Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees within the meaning of Section 8(d) of the Act in violation of Section 8(a)(1) and (5) of the Act. 29 U.S.C. § 158(d), (a)(1), (a)(5).

### *Board and District Court Jurisdiction Over Violations*

11.    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act. 29 U.S.C. § 152(6) and (7).

12.    The unfair labor practices of Respondent described above in paragraphs 9-10 took place within this judicial district.

### **Injunctive Relief is Just and Proper**

13.    Respondent's unfair labor practices, as described above in paragraphs 9-10, have and are continuing to irreparably harm employees in the exercise of the rights guaranteed them

by Section 7 of the Act. 29 U.S.C. § 157. More particularly, Respondent's unfair labor practices have caused and will continue to cause the following harm:

(a) Respondent's withdrawal of recognition is likely to irreparably erode employees' support for their chosen representative over time because the Union is unable to protect the employees or affect their working conditions while the case is pending before the Board.

(b) The employees predictably will shun the Union because their working conditions will have been virtually unaffected by collective bargaining for many months, if not years, and they will have little, if any, reason to support the Union.

(c) Respondent's unilateral changes will cause employee disaffection, as the Union will be perceived as ineffective in the face of such changes to terms and conditions of employment. This will convey to employees that the Union is powerless to effectively represent them.

(d) While Respondent is benefiting from its unlawful refusal to recognize or bargain pending Board litigation, the unit employees will contemporaneously and irreparably suffer the loss of the benefits of good-faith collective bargaining and representation by their chosen Union.

(e) In addition to Respondent's unilateral changes to wages and benefits, Respondent's withdrawal of recognition from the Union has resulted in employees losing the contractual just-cause grievance procedure, the loss of Union representation in disciplinary meetings, and the loss of any say in Respondent's changes in the terms and conditions of employment. Moreover, the refusal to recognize and bargain has potentially delayed any successor contract.

(f) With a weakened union, a final Board bargaining remedy will be unable to recreate the original status quo with the same relative position of the bargaining parties. In those

circumstances, no meaningful, productive good-faith bargaining will occur under the Board's final order.

(g) The lost support will in turn make the Board's final bargaining order ineffectual, leading to remedial failure.

14. An order requiring Respondent to immediately recognize the Union is necessary to prevent the irreparable erosion of the Union's majority support given Respondent's course of unlawful conduct in this matter. Additionally, such an order is necessary to prevent irreparable harm to employees through their loss of the benefits of collective bargaining during Board litigation.

15. An order requiring the immediate recognition of the Union is necessary to prevent Respondent from defeating the collective-bargaining process and employees' statutory rights through its illegal conduct. Unless Respondent is forced to recognize the Union and bargain in good faith, the Union will lose the support needed to bargain effectively when the Board ultimately issues a bargaining order. Recognition of the Union requires, among other things, the immediate recognition of the Union as the bargaining unit representative, ceasing and desisting the making of unilateral changes, and rescinding, upon request by the Union, any unilateral changes made during the period following unlawful withdrawal of recognition. These remedies will likely be more burdensome with the passage of time and therefore prompt restoration under an injunction will prevent this likely remedial failure.

16. Unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board.

17. The Court's grant of a Section 10(j) injunction will maintain and restore the Union's legitimate level of support, preserve the efficacy of the Board's final order, preserve the employees' choice of the Union as their bargaining representative, and prevent further undermining of the collective-bargaining process and damage to the Board's remedial powers. 29 U.S.C § 160(j).

18. There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraphs 9-10.

19. Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.

20. In balancing the equities in this matter, if injunctive relief is not granted, the harm to the employees, to the public interest, and to the purposes and policies of the Act, outweighs any harm that the grant of injunctive relief will work on Respondent.

21. Upon information and belief, it may be fairly anticipated that unless Respondent's conduct of the unfair labor practices described in paragraphs 9-10 is immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct constituting unfair labor practices.

22. Upon information and belief and in accordance with the purposes of Section 10(j) of the Act, 29 U.S.C. § 160(j), it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable and immediate injury to such policies, to the public interest, and to Respondent's employees, that Respondent be enjoined and restrained as requested below, pending final disposition of the matters presently pending before the Board.

**Relief Requested**

**WHEREFORE, PETITIONER REQUESTS:**

1. That the Court issue an Order, directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why, pending final adjudication by the Board of the matters pending before the Board in Cases 18-CA-264654 and 18-CA-266951, a temporary injunction should not issue:

    (a) Directing and ordering Respondent to cease and desist from:

     i. Refusing to recognize and bargain in good faith with the Union in the following unit: All full-time and regular part-time installers, technicians, and service personnel employed by the Employer at its Janesville, Wisconsin, facility, who are regularly assigned to work in the service territory of the Employer's former Rockford, Illinois, facility; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act, and all other employees;

     ii. Making unilateral changes in terms and conditions of employment of the unit employees without first providing notice to the Union and bargaining in good faith to agreement or impasse; and

     iii. In any other like or related manner interfere with, restraining or coercing employees in the exercise of their Section 7 rights.

    (b) And further directing and affirmatively ordering Respondent, pending final Board adjudication, to:

i. Immediately recognize the Union as the exclusive collective-bargaining representative of the employees in the following unit: All full-time and regular part-time installers, technicians, and service personnel employed by the Employer at its Janesville, Wisconsin, facility, who are regularly assigned to work in the service territory of the Employer's former Rockford, Illinois, facility; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act, and all other employees;

ii. Immediately upon request, bargain collectively and in good faith with the Union as the exclusive representative of the employees in the Unit with respect to wages, hours and other terms and conditions of employment;

iii. At the Union's discretion and upon its request, rescind any or all of the unilateral changes made after August 31, 2020;

iv. Within five (5) days of the issuance of the District Court's order, electronically distribute the District Court's order to all of the Rockford employees and post copies at its Janesville, Wisconsin, facility in all places where notices to employees are normally posted and maintain those postings during the Board's administrative proceeding free from all obstructions and defacements; and grant all employees free and unrestricted access to said postings;

      v.      Within ten (10) days of the issuance of the District Court's order, hold a mandatory meeting or meetings through video conference or, with the Union's consent, in person at its facility, on work time with the above unit of employees, scheduled to ensure the widest possible participation, at which the District Court's order is to be read to the employees by a responsible management official, or at the Respondent's option, by a Board Agent in that official's presence; and

      vi.      Within fifteen (15) days of the issuance of the District Court's Decision and Order, file with the District Court and serve upon the Regional Director of Region 18 of the Board, a sworn affidavit from a responsible official describing with specificity the manner in which Respondent has complied with the terms of the Court's decree, including the locations of the posted documents and the date and time that the order was read to employees.

2. That the Court grant such further relief as may be just and proper;

3. That the Court grant expedited consideration to this petition, consistent with 28 U.S.C. § 1657(a) and the remedial purposes of Section 10(j) of the Act. 29 U.S.C § 160(j).

                        Dated at Minneapolis, Minnesota, this 7th day of January, 2021.

                        /s/ Jennifer A. Hadsall
                        Jennifer A. Hadsall, Regional Director
                        National Labor Relations Board, Region 18
                        Federal Office Building
                        212 3rd Avenue S, Suite 200
                        Minneapolis, MN 55401

Presented by:

/s/ Tabitha E. Boerschinger
New York Bar No.: 4070181
Attorney for Petitioner
National Labor Relations Board, Region 18
310 W. Wisconsin Avenue, Suite 450W
Milwaukee, WI 53203
Telephone: (414) 930-7193
Fax: (414) 297-3880
E-Mail: tabitha.boerschinger@nlrb.gov

/s/ David J. Stolzberg
New York Bar No.: 4988747
Attorney for Petitioner
National Labor Relations Board, Region 18
212 3rd Avenue S, Suite 200
Minneapolis, MN 55401
Telephone: 202-568-4314
Fax: 612-348-1785
E-mail: david.stolzberg@nlrb.gov