UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JENNIFER A. HADSALL, Regional Director
of Region 18 of the National Labor Relations Board,
for and on behalf of the NATIONAL LABOR
RELATIONS BOARD,

    Petitioner,

v.                                     Case No. 3:21-cv-00009-JDP

ADT, LLC,

    Respondent.

## RESPONDENT'S RESPONSE TO
## TO PETITIONER'S PROPOSED FINDINGS OF FACT

Respondent ADT, LLC ("ADT"), by its attorneys OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., states as follows in response to the Petitioner's Proposed Findings of Fact:

### I. FINDINGS OF FACT

1. Petitioner is Regional Director of Region 18 of the Board, an agency of the United States and files this Petition for and on behalf of the Board.

**RESPONSE: Not disputed.**

2. At all material times, Respondent has been a corporation with an office and place of business in Janesville, Wisconsin (Respondent's facility), and has been engaged in the business of installation and service of residential and commercial security systems within this judicial district.

**RESPONSE: Not disputed**.

      3.      The International Brotherhood of Electrical Workers, Local Union No. 364, AFL-CIO (the Union), pursuant to the provisions of the Act, filed the following charges with the Board alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of the below-specified sections of the Act.

| Case Number | Date Filed | Section of the Act |
|---|---|---|
| 18-CA-264654 | August 14, 2020 | 8(a)(1) and (5) <br> (29 U.S.C. § 158(a)(1), (5)) |
| 18-CA-266951 | October 1, 2020 | 8(a)(1) and (5) <br> (29 U.S.C. § 158(a)(1), (5)) |

**RESPONSE: Not disputed.**

      4.      October 23, 2020, following a field investigation during which all parties had an opportunity to submit evidence, Petitioner, acting on behalf of the General Counsel for the Board pursuant to authority delegated to Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, pursuant to Section 10(b) of the Act in Cases 18-CA-264654 and 1 8-CA-266951, alleging that Respondent engaged in, and is engaging in unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act. 29 U.S.C. § § 160(b) and 158(a)(1), (5).

**RESPONSE: Not disputed**.

      5.      There is a substantial likelihood that Petitioner will, in the underlying administrative proceeding in Board Cases 1 8-CA-264654 and 1 8-CA-26695 1, establish that:

**RESPONSE: Disputed as the Regional Director generally failed to adduce evidence proving the alleged unfair labor practices.**

      a.      As referenced in paragraph 2, at all material times, Respondent has been a corporation with an office and place of business in Janesville, Wisconsin (Respondent's facility), and has been engaged in the business of installation and service of residential and commercial security systems.

**RESPONSE: Disputed in part as two (2) Janesville facilities (one temporary, one permanent) are at issue in this matter, and the permanent facility was not open "at all relevant times." (Tr. 51-2).**

      b.      Annually, Respondent, in conducting its business operations described above in paragraph 5(a), derived gross revenues in excess of $500,000 from the sale and service of retail alarm systems.

**RESPONSE: Not disputed.**

      c.      During the same period described above in subparagraph 5(b), Respondent, in conducting its operations described above in paragraph 5(a), purchased and received at its Janesville, Wisconsin, facility goods valued in excess of $5,000 directly from points outside the State of Wisconsin.

**RESPONSE: Not disputed.**

      d.      At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act. 29 U.S.C § 152(2), (6), (7).

**REPSONSE: Not disputed.**

      e.      At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act. 29 U.S.C. § 152(5).

**RESPONSE: Not disputed.**

      f.     The individuals listed below are supervisors of Respondent within the meaning of Section 2(11) of the Act and held the positions listed next to their names at all material times. 29 U.S.C. § 152(11).

| Name | Job Title |
| --- | --- |
| James Nixdorf | Director of Labor Relations |
| Matt Ides | Team Manager High Volume Install |
| Shawn Bell | General Manager Sales |
| Gary Talma | General Operations Manager |

**RESPONSE: Not disputed.**

      g.     The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act. 29 U.S.C. § 159(b):

> All full-time and regular part-time installers, technicians and service personnel employed by Employer at its Janesville, Wisconsin facility, who are regularly assigned to work in the service territory of Respondent's former Rockford, Illinois facility; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the Act, and all other employees.

**RESPONSE: Disputed. There is absolutely no contractual, bargaining history of legal basis for the Board or a Court to simply re-write and amend a private contract. Even if such a rationale existed, the amendment sought by the Regional Director conflicts with the original Board certification and bargaining history (GCX 2-10), the Union's representation petition (GCX 12), and the undisputed overlap with respect to geography/jurisdictional claims with respect to the imaginary and wholly undefined "service area." (Tr. 72-3, 89, 209, 242, 288,**

**301). Finally, the Regional Director's attempted "gerrymandering" lacks basis under fundamental Board and statutory requirements.**

   h. At all material times since about October 21, 1994, Respondent has recognized the Union as the exclusive collective-bargaining representative of the Unit. This recognition has been embodied in successive collective-bargaining agreements, the most recent of which was effective from September 1, 2017 to August 31, 2020 (the Agreement).

**RESPONSE: Disputed in part given Respondent's June 22, 2020 notification to the Union that the Union lacked majority status and Respondent's subsequent withdrawal of recognition from the Union. (GCX 15, Tr. 431-2).**

   i. At all material times, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

**RESPONSE: Disputed in part given Respondent's June 22, 2020 notification to the Union that the Union lacked majority status and Respondent's subsequent withdrawal of recognition from the Union. (GCX 15, Tr. 431-2). Also disputed because, through this very proceeding, the Regional Director is attempting to change the definition of "the Unit" and, therefore, its meaning is unclear.**

   j. About August 2019, Respondent closed its Rockford, Illinois, facility and transferred the Unit to Respondent's newly created facility in Janesville, Wisconsin.

**RESPONSE: Disputed in part as the Rockford employees were first moved to a temporary Janesville facility and, only later, to the permanent Janesville facility. (Tr. 51-2).**

   k. About August 2019, Respondent closed its Madison, Wisconsin, facility and transferred the unrepresented employees from that facility (the Madison employees) to Respondent's newly created facility in Janesville, Wisconsin.

**RESPONSE: Disputed in part as the Madison facility remained open through approximately December 2019 to January 2020 and Madison employees were not moved to Janesville until such time. (Tr. 103).**

      l.      At all material times since August 2019, Respondent continued to treat the Unit as separate and distinct from the Madison employees in terms of wages, hours, and working conditions.

**RESPONSE: Disputed. (Tr. 431-2; GCX 15).**

      m.      On June 22, 2020, Respondent, by its Director of Labor Relations James Nixdorf, in writing, informed the Union that it planned to withdraw recognition of the Union as the exclusive collective-bargaining representative of the Unit after the Agreement expired on August 30, 2020.

**RESPONSE: Disputed in part. Nixdorf's letter, consistent with Board precedent, left open the Union's ability to establish majority status at any point up to August 31, 2020. (GCX 15).**

      n.      On about September 1, 2020, Respondent withdrew recognition of the Union as the exclusive collective-bargaining representative of the Unit.

**RESPONSE: Disputed in part as it is unclear whether the word "Unit" involves the historical description or the Regional Director's newly "gerrymandered" definition. (GC 2-10).**

      o.      About September 2020, Respondent:

            i.      Changed the wages for the Unit;
            ii.     Changed how overtime is earned for the Unit;
            iii.    Changed the manner in which the Unit accrues and uses paid time off;
            iv.    Made the Unit eligible for its bonus system offered to unrepresented employees; and
            v.     Made additional changes to the terms and conditions of employment of the Unit that are currently unknown to the General Counsel.

**RESPONSE: Disputed in part as the timing of such changes is not clear from the record, nor are the Regional Director's descriptions of the alleged changes clear from the record.**

      p.     The subjects set forth above in paragraphs 5(o)(i) – (v) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

**REPONSE: Disputed as the changes were not subject to bargaining once Union lost its majority status. (GCX 14, 15).**

      q.     Respondent engaged in the conduct described above in paragraphs 5(o)(i) – (v) without prior notice to the Union and/or without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

**RESPONSE: Disputed as no viable Union existed at the time of any alleged change. (GCX 14, 15).**

      6.     By the acts and conduct set forth above there is a substantial likelihood that Petitioner will establish in the underlying administrative proceeding before the Board that Respondent failed and refused, and continues to fail and refuse to recognize and bargain collectively with the Union as the collective-bargaining representative of its employees in violation of Sections 8(a)(1) and (5) of the Act, 29 U.S.C § 158(a)(1), (5); and that by this conduct Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (5) of the Act, 29 U.S.C. § 158(a)(1), (5), and affecting commerce within the meaning of Section 2(6) and (7) of the Act, 29 U.S.C. § 152(6), (7).

**RESPONSE: Disputed as the Union did not exist and the bargaining unit was no longer appropriate under statute. (GCX 14, 15).**

7. Unless the interim relief requested is granted and Respondent is enjoined and restrained from engaging in the unfair labor practices set forth above, a serious flouting of the Act will continue with the result that enforcement of important provisions of the Act and of public policy will be thwarted because any final remedy by the Board will be insufficient to fully remedy the alleged unfair labor practices and will be unable to restore the *status quo ante*. Respondent's unlawful conduct has a clear and natural tendency to undermine the Union's strength and the Board's remedial powers. Unless injunctive relief requiring recognition of the Union and the rescinding, upon request by the Union, of unilateral changes, is immediately obtained, it can be fairly anticipated that employees will permanently and irreversibly lose the benefits of collective bargaining and the exercise of their statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board. Such harm clearly outweighs any harm Respondent will suffer if the requested injunctive relief is granted. Further, it may be fairly anticipated that, unless enjoined, Respondent will continue the acts and conduct described above or repeat similar acts and conduct in violation of Section 8(a)(1) and (5) of the Act. 29 U.S.C. § 158(a)(1), (5).

**RESPONSE: Disputed.**

8. It is essential, appropriate, just and proper, for the purposes of effectuating the policies of the Act, and in accordance with the provisions of Section 10(j), 29 U.S.C. § 106(j), that pending final disposition of the matters before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct set forth in the Order Granting Petition for Injunction Under Section 10(j) of the Act of the National Labor Relations Act in this case.

**RESPONSE: Disputed.**

Dated this 26th day of February, 2021.

>*/s/ Timothy C. Kamin*
>Timothy C. Kamin
>WI State Bar No. 1034923
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>1243 North 10th Street, Suite 200
>Milwaukee, WI 53205
>Telephone: (414) 239-6403
>Email: timothy.kamin@ogletree.com

46185389.1