IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER A. HADSALL,
for and on behalf of the NATIONAL LABOR
RELATIONS BOARD,

          Petitioner,            TEMPORARY INJUNCTION

  v.                                          21-cv-9-jdp

ADT, LLC,

          Respondent.

---

IT IS ORDERED that respondent ADT, LLC is temporarily ENJOINED as follows:

1. ADT must immediately recognize The International Brotherhood of Electrical Workers Local Union 364 (the union) as the exclusive collective-bargaining representative of the employees in the following unit: all full-time and regular part-time installers, technicians and service personnel formerly employed by ADT at its Rockford, Illinois facility; but excluding all office clerical employees, professional employees, guards, and supervisors as defined in the National Labor Relations Act, and all other employees.

2. ADT may not make unilateral changes in terms and conditions of employment of the unit employees without first providing notice to the union and bargaining in good faith to agreement or impasse.

3. Upon the union's request, ADT must bargain collectively and in good faith with the union as the exclusive representative of the employees in the unit with respect to wages, hours, and other terms and conditions of employment.

4. Upon the union's request, ADT must rescind any or all of the unilateral changes made after August 31, 2020.

5. Within five days of the issuance of this injunction, ADT must electronically distribute the court's decision and injunction to all of the Rockford employees and post copies at its Janesville, Wisconsin, facility in all places where notices to employees are normally posted and maintain those postings during the National Labor Relation Board's administrative proceeding free from all obstructions and defacements, and grant all employees free and unrestricted access to said postings.

6. Within ten days of the issuance of this injunction, ADT must hold a mandatory meeting or meetings through video conference or, with the union's consent, in person at its facility, on work time with the above unit of employees, scheduled to ensure the widest possible participation, at which the injunction is to be read to the employees by a responsible management official, or at ADT's option, by a Board Agent in that official's presence.

7. Within 15 days of the issuance of this order, file with the district court and serve upon Jennifer Hadsall a sworn affidavit from a responsible official describing with specificity the manner in which ADT has complied with the injunction, including the locations of the posted documents and the date and time that the order was read to employees.

8. This order will expire when the National Labor Relations Board issues a final decision in this case.

Entered June 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge